IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Plaintiff,

vs.

MARIA N. EVANS,

    Defendant.
_____/

No. CIV S-12-0288 LKK EFB PS

FINDINGS AND RECOMMENDATIONS

This case, in which defendant is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On February 3, 2012, defendant removed the action to this court from Shasta County Superior Court.[1] Ntc. of Removal, Dckt. No. 1. Defendant contends that this court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. *Id.* at 3; *see also* Civil Cover Sheet, Dckt. No. 1-1.

This court has an independent duty to ascertain its jurisdiction and may remand *sua sponte* for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is

---

[1] Also on February 3, 2012, defendant filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. No. 2. However, in light of the recommendation herein that this action be remanded for lack of subject matter jurisdiction, defendant's request to proceed *in forma pauperis* will not be addressed.

1

strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Although defendant's notice of removal contends that this court has diversity jurisdiction, diversity jurisdiction requires complete diversity of citizenship among the parties, as well as a minimum amount in controversy of over $75,000. *See* 28 U.S.C. § 1332. Here, defendant's notice of removal fails to establish complete diversity since it does not establish the citizenship of plaintiff or defendant. The notice of removal also does not establish that the amount in controversy in this action exceeds $75,000. In fact, the notice of removal does not indicate any amount in controversy, and the complaint attached to the notice of removal specifically states that the amount demanded does not exceed $10,000. Compl., Dckt. No. 1, at 10. "Since 'it [was] not facially evident from the complaint that more than $75,000 [was] in controversy,' [defendant] should have 'prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.'" *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1909 (9th Cir. 2003)). Here, not only did defendant fail to submit proof that the $75,000 threshold is met, but she failed to even assert that it is. Accordingly, defendant has failed to establish that this court has diversity jurisdiction over the action.[2]

Additionally, although defendant's Civil Cover Sheet attached to her Notice of Removal states that plaintiff violated the federal Consumer Protection Act and the Truth in Lending Act, *see* Dckt. No. 1-1, a review of plaintiff's complaint reveals that plaintiff does not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law. Dckt. No. 1 at 10. The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded

---

[2] Further, because defendant appears to be a citizen of California, *see* Dckt. No. 1-1, removal to this court was improper under 28 U.S.C. § 1441(b), which provides that diversity "action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

1  complaint rule,' which provides that federal jurisdiction exists only when a federal question is
2  presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*,
3  482 U.S. 386, 392 (1987).  This is the case where the complaint "establishes either that [1]
4  federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends
5  on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v.*
6  *An Exclusive Gas Storage Leashold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting
7  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).  Here,
8  plaintiff's one cause of action is for unlawful detainer under state law.  Therefore, no federal
9  question is presented on the face of the complaint.[3]

10  Because defendant has not adequately established that this court has diversity jurisdiction
11  or that plaintiff's complaint alleges a federal claim, the undersigned will recommend that this
12  action be remanded to state court.[4]  *See* 28 U.S.C. § 1447(c).

13  Accordingly, IT IS HEREBY RECOMMENDED that the above-captioned case be
14  REMANDED to the Superior Court of the State of California in and for the County of Shasta.

15  These findings and recommendations are submitted to the United States District Judge
16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
17  after being served with these findings and recommendations, any party may file written
18  objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[3] To the extent that defendant plans to raise defenses or counter-claims based on federal laws, the court lacks jurisdiction over those as well. *See* Dckt. No. 1 at 2. Under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal. *See Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

[4] It is also unclear whether the notice of removal was timely. Section 1446(b) requires a notice of removal to be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Here, although the complaint was filed in state court on October 26, 2011, defendant does not indicate when she was served with or otherwise received a copy of the complaint. Dckt. No. 1 at 10.

1 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2 shall be served and filed within fourteen days after service of the objections.  Failure to file
3 objections within the specified time may waive the right to appeal the District Court's order.
4 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th
5 Cir. 1991).

6 DATED:  February 8, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4